PER CURIAM.
The state appeals an order entered by the trial court granting the motion of the appellee, Kip McRoberts, to suppress the results of a blood test. We reverse.
McRoberts was involved in a vehicle collision which resulted in the death of a human being. A sample of McRoberts’ blood was collected and analyzed pursuant to section 316.1933, Florida Statutes (1989). The results indicated that McRoberts was under the influence of alcohol to the extent that his normal faculties were impaired. Thereafter, the state charged McRoberts with vehicular homicide and driving under the influence resulting in death.
McRoberts filed a motion to suppress the results of the blood test on the basis that his blood was not properly collected and that the Department of Health and Rehabilitative Services (HRS) has failed to promulgate rules implementing section 316.-1933(2)(b). The trial court granted the motion to suppress, apparently because the rules promulgated by HRS pursuant to section 316.1933(2)(b) were inadequate.
We reverse the order suppressing the blood test results. We agree with our sister courts that the rules implementing section 316.1933(2)(b) are adequate. See State v. Mehl, 602 So.2d 1383 (Fla. 5th DCA 1992), review granted, 617 So.2d 320 (Fla.1933). See also State v. Burke, 599 So.2d 1339 (Fla. 1st DCA), review denied, 609 So.2d 40 (Fla.1992).
We reverse and remand for further proceedings consistent herewith.
CAMPBELL, Acting C.J., and SCHOONOVER and PARKER, JJ., concur.